UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                            :

DARRYL C. CARTER,                                                :

                          Plaintiff,                               :

                                                                           :         23-CV-10887 (JMF)
                   -v-                                        :

                                                                           :       MEMORANDUM OPINION
MOLLY WASOW PARK, et al.,                         :           AND ORDER

                                                                           :

                         Defendants.                            :

                                                                           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On March 29, 2024, the Court entered an Order noting that it construed Plaintiff's previous submissions to mean that he wished to voluntarily dismiss this matter pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See* ECF No. 21 ("March 29th Order"), at 2. If that was not the case, Plaintiff was to file a letter stating that he wished to continue prosecuting this case. *Id*. Plaintiff was also directed to show cause why this case should not be dismissed as a sanction for his failure to comply with the Court's prior Order not to use inappropriate, offensive, and vulgar language in Court submissions. *Id*. Lest there be any doubt, the Court cautioned that Plaintiff "shall not use inappropriate, vulgar, crude, profane, or offensive language in his filings or in any other communications with the Court or Court personnel. Continued use of such language," the Court continued, "will result in dismissal and may also result in a filing injunction prohibiting Plaintiff from filing any lawsuit in this Court without prior leave of the Court." March 29th Order 3 (citing cases).

        On April 9, 2024, Plaintiff filed a response to the March 29th Order clarifying that he does

not wish to voluntarily dismiss the case. *See* ECF No. 22 ("Pl.'s Opp'n"), at 3.[1] But far from showing cause why the case should not be dismissed for the continued use of inappropriate, offensive, and vulgar language, Plaintiff's submission confirms that dismissal *is* warranted as he doubles down on the use of such language. For example, Plaintiff's latest submission:

- accuses the Court of "engag[ing] in intrinsic fraud . . . and a criminal cover up," *id.* at 3;

- accuses the Court of a "deep blue partisan abuse of power," *id.* at 4;

- accuses the Court of being "corrupt; engag[ing] in political adversary targeting; and abuse of power," and "engag[ing] in judicial misconduct coupled with likely criminal misconduct," *id.* at 4;

- refers to the Court as "an extremely partisan left-wing fascist entity," *id.* at 5;

- refers to this District as an "overwhelmingly Black extreme left wing politically controlled district," *id.* at 6;

- states that "political wayward Latinos . . . should be shot dead . . . as they think that everything is a joke and game, until a barrel is put in their mouth," *id.* at 8 n.4;

- states that "[o]ne day . . . those who have been skirting karma are going to get what's coming to them," *id.*;

- states that the Court "knowingly and intentionally oppressed plaintiff . . . to protect the court's deep blue political allies and do the bidding of the same (Chief Judge Laura Taylor Swain, former President Obama, etc.)," *id.* at 9; and

- states that "these proceedings are overwhelmingly politically corrupt, rigged, manufactured, and a cover up involving judicial and criminal misconduct to save face for and support public entity bosses and allies," *id.*

Plaintiff's persistence in using such offensive, vulgar, racist, and even threatening language — despite multiple warnings and in response to a show cause order, no less — leads the Court to conclude that "no sanction short of dismissal will stop [Plaintiff's] improper conduct." *Koehl v. Bernstein*, No. 10-CV-3808 (SHS) (GWG), 2012 WL 2135382, at *1 (S.D.N.Y. June 13, 2012),

---

[1] References to page numbers in ECF No. 22 are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

*report and recommendation adopted*, 2012 WL 3264543, at *1 (Aug. 10, 2012), *aff'd*, 740 F.3d 860 (2d Cir. 2014) (per curiam); *see also, e.g.*, *Leibovitz v. City of New York*, No. 15-CV-546 (LGS) (HBP), 2019 WL 4307305, at *1 (S.D.N.Y. Aug. 27, 2019) (dismissing where the plaintiff persisted, despite warnings, "in using inappropriate, crude or profane language in his communications"), *report and recommendation adopted*, 2019 WL 4303343 (Sept. 11, 2019).

That conclusion is reinforced by the fact that this is not Plaintiff's first rodeo. In fact, he has filed at least three prior frivolous lawsuits in this District in which he has used similarly inappropriate language and sentiments. *See Carter v. Sewell et al.*, No. 23-CV-1139 (RWL), ECF No. 119 at 1 ("[T]he magistrate is grossly and extremely incompetent, engaging in fraud, a political cover up, let alone this magistrate repeatedly acts ultra-vires for political purposes as a member of the Republican party Congress members doing their bidding i.e. Jim Jordan, etc."); *id*. ECF No. 11 at 2 ("[T]hese NYPD ass clowns . . . ."); *Carter v. Jenkins et al.*, No. 22-CV-10326 (LTS), ECF No. 26 at 4, 9 ("[T]he 2nd Circuit Court of Appeals is internally corrupt, inept, and, all of its decisions, involving plaintiff, thus far, have erred so grossly and have been so ill drawn . . . . Such impartiality, I believe is improbable in the 2nd Circuit Court of Appeals, for a number of reasons including its Black and Asian wings of the courts . . . ."); *Carter v. U.S. Department of Justice*, No. 21-CV-6242 (LTS), ECF No. 11 at 2 ("[P]laintiff is forced to sleep in a shit hole homeless shelter with the most obnoxious, disgusting illegal immigrant . . . ."); *id*. ECF No. 9 at 1 ("[T]he government actors seek to get an insight on my court filing paperwork such as to cover up and thwart my efforts before they reach the docket or contrive some BS to try to override that which finds its way to the docket . . . ."); *id*. ECF No. 8 at 1 ("The clerks' office continues to play hide and seek games with respect to submission of papers to the court.").

In light of these facts, the Court finds that Plaintiff "acted in bad faith, wantonly and vexatiously when he engaged in his repeated verbal abuse directed" at the undersigned and other

Court personnel. *Koehl*, 2012 WL 2135382, at *6. Further, Plaintiff "was on notice that this conduct was unacceptable and sanctionable by virtue of the warnings" this Court gave him. *Id.* Plaintiff "nonetheless continued his use of intemperate and vitriolic language." *Id.* These "repeated assaults on the dignity of court proceedings, both before and after he received a warning from this Court, were plainly deliberate and malicious." *Id.* And they lead the Court to conclude that "there is no reason to believe that a litigation sanction short of dismissal . . . would do anything to alter his conduct in the future in this case." *Id.* To be clear, the Court imposes that sanction based on Plaintiff's persistent use of "offensive, abusive, and insulting language," not on his accusations that the undersigned is biased against him. *Koehl*, 740 F.3d at 863. As the Second Circuit has held, a litigant is permitted to accuse a judge of misconduct "so long as the words used are in no way offensive in themselves." *Id.* (cleaned up). But "the right to accuse a judge of bias (or of misconduct) does not carry with it the right to abuse and insult." *Id.*

For the foregoing reasons, this case is DISMISSED with prejudice. Although the Court would be on firm ground in also imposing a filing injunction, it declines to do so at this time, if only because Plaintiff was not warned of that potential sanction prior to filing this lawsuit. Nevertheless, Plaintiff is now expressly warned that if he continues to file submissions in this Court that contain inappropriate, vulgar, crude, profane, or offensive language, it may result in an order barring him from filing new actions without prior permission. *See* 28 U.S.C. § 1651.

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff and to close this case.

SO ORDERED.

Dated: June 21, 2024
      New York, New York

                                        JESSE M. FURMAN
                                        United States District Judge